UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JASON HAMMOND,

                              Petitioner,                DECISION AND ORDER

-vs-

                                                            19-CV-6519 (CJS)

GENESEE COUNTY DEPARTMENT
OF PROBATION,

                              Respondent.
_____

## I. INTRODUCTION

This matter is before the Court on Petitioner Jason Hammond's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asks this court to grant him an extension of time to file an affidavit of errors due to the ineffectiveness of his trial counsel, which would permit him to have a direct appeal in state court of his conviction on counts of aggravated driving while intoxicated and driving while intoxicated. Pet., 15,[1] Jul. 11, 2019, ECF No. 1. For the reasons set forth below, Hammond's application [ECF No. 1] is denied.

## II. BACKGROUND

The reader is presumed to be familiar with the facts and procedural history of this action. After a jury trial in the City Court of Batavia, New York, Hammond was convicted of aggravated driving while intoxicated and driving while intoxicated. Pet. at 1. He was sentenced on July 20, 2017 to three years of probation, a fine, and significant driving restrictions. State Record ("SR"), 1–3, Nov. 21, 2019, ECF No. 5-2. On that same day, Hammond's retained trial counsel filed and served a notice of appeal in the County Court for Genesee County, New York.

---

[1] The page numbers referenced throughout this decision and order will be those automatically generated by the Court's CM/ECF electronic filing system.

1

Approximately eleven months later, on July 2, 2018, Hammond's appellate counsel filed a motion under New York Criminal Procedure Law ("NYCPL") § 460.30 with the county court, seeking an extension of time in which to file an affidavit of errors. SR at 5. In the affirmation accompanying his motion, Hammond's appellate counsel acknowledged that trial counsel had timely filed and served a notice of appeal on Hammond's behalf, but had not subsequently filed the "affidavit of errors" required under § 460.10(3).[2] He stated that the failure to file an affidavit of errors was "a jurisdictional defect that would require dismissal of the appeal without reaching the merits." SR at 6–7. Thus, Hammond's appellate counsel sought an extension under § 460.30(1), which permits a court to extend a would-be appellant's time to file due to "improper conduct of . . . the [appellant]'s attorney." SR at 7.

In its answering affirmation, the prosecution observed that "[in] his motion papers, [Hammond] has provided no sworn factual allegations establishing improper conduct by any attorney in the court below." SR at 12. Further, the prosecution pointed out that "[t]here has been absolutely no showing that trial counsel had any responsibility whatever for an appeal," and attached a copy of the appellate division's rules governing the "duties of criminal counsel." SR at 12–14. The appellate division's rules provide that "[trial] counsel shall . . . ascertain whether defendant wishes to appeal or to apply for permission to appeal and, if so, counsel shall serve

---

[2] As it read at the time of Hammond's conviction, § 460.10(3) provided, in pertinent part:

An appeal taken as of right to a county court . . . from a judgment, sentence or order of a local criminal court in a case in which the underlying proceedings were not recorded by a court stenographer is taken as follows:

> (a) Within thirty days after entry or imposition in such local criminal court of the judgment, sentence or order being appealed, the appellant must file with such court either (i) an affidavit of errors, setting forth alleged errors or defects in the proceedings which are the subjects of the appeal, or (ii) a notice of appeal. Where a notice of appeal is filed, the appellant must serve a copy thereof upon the respondent in the manner provided in paragraphs (b) and (c) of subdivision one, and, within thirty days after the filing thereof, must file with such court an affidavit of errors.

NYCPL § 460.10(3).

the necessary notice of appeal or application for permission, file the necessary notice of appeal or application for permission with proof of service on or an admission of service by the opposing party and, when appropriate, move for permission to proceed as a poor person and assignment of counsel on the appeal . . . ." SR at 14 (reciting N.Y. Comp. Codes R. & Regs. tit. 22, § 1015.7(a) ("22 NYCRR § 1015.7")).

In reply, Hammond's appellate counsel reiterated his belief that trial counsel's failure to file an affidavit of errors qualified as improper conduct by an attorney under NYCPL § 460.30. SR at 18. In addition, appellate counsel attached an affirmation from Hammond's trial counsel, who conceded that he filed a notice of appeal, but "did not file an affidavit of errors pursuant to [NYCPL §] 460.10(3)." SR at 20.

In a brief decision and order, the county court found that Hammond's papers "fail[ed] to allege facts establishing that the defendant's failure to timely file an affidavit of errors resulted from his [trial] counsel's failure to comply with 22 NYCRR § 1015.7 and/or improper conduct . . . ." SR at 21–22. Hammond's appellate counsel sought leave to appeal the county court's decision to the New York Court of Appeals, asking the state high court to find that "an attorney acts improperly when he timely files a notice of appeal but fails to file a necessary affidavit of errors." SR at 25. However, the Court of Appeals denied Hammond leave to appeal. SR at 30.

Counsel then filed the petition for habeas relief on Hammond's behalf that is presently before the Court.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254 provides that ". . . a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The legal standards applicable to such a petition are well-settled.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions must be filed within one year of the date on which the petitioner's state judgment became final, though the filing of certain state court collateral attacks on a judgment tolls the limitations period. 28 U.S.C. § 2244(d)(1)–(2). A judgment becomes final "after the denial of certiorari [by the U.S. Supreme Court] or the expiration of time for seeking certiorari." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

For those petitions that are timely filed, federal courts are obliged to give deference to state courts' decisions. *See Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015) (citing The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214). "First, the exhaustion requirement ensures that state prisoners present their constitutional claims to the state courts in the first instance." *Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2014). *See also Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*) (stating that 28 U.S.C. § 2254(b)'s "exhaustion requirement is not satisfied unless the [petitioner's] federal claim has been 'fairly presented' to the state courts."). Second, "[s]hould the state court reject a federal claim on procedural grounds, the procedural default doctrine bars further federal review of the claim, subject to certain well-established exceptions." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 82–84 (1977)). Lastly, federal courts considering claims that were decided by state courts on the merits must employ "a highly deferential standard for evaluating state-court rulings," and must give those state-court decisions "the benefit of the doubt." *Jones v. Murphy*, 694 F.3d 225, 234 (2d Cir. 2012) (quoting *Hardy v. Cross*, 565 U.S. 65, 66 (2011)). In such cases, a federal court may issue a writ of habeas corpus only when the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ." *Chrysler*, 806 F.3d at 117 (quoting 28 U.S.C.

§ 2254(d)(1)).

## IV. DISCUSSION

As indicated above, Hammond seeks habeas relief upon the basis of his trial counsel's failure to file an affidavit of errors pursuant to NYCPL § 460.10(3). Respondents maintain that Hammond's petition should be denied because his claim is both unexhausted and meritless. Resp. Mem., 7–15, Nov. 21, 2019, ECF No. 4. That is, Respondent argues that Hammond never raised a federal constitutional question when seeking remedies in the state courts, and in any event failed to establish that the county court's denial of Hammond's claim was either contrary to or an unreasonable application of, clearly established federal law. *Id*.

A. Preliminary issues

After a thorough review of Hammond's papers and the state court record, the Court finds in accordance with Rule 8 of the Rules Governing Section 2254 Cases that an evidentiary hearing is not necessary to address Hammond's claims. *See also* 28 U.S.C. § 2254(e)(2). The Court further notes that although Hammond was not sentenced to a term of imprisonment, and although his sentence of three years on probation expired in 2020, he was nevertheless "in custody" for the purposes of habeas review at the time this petition was filed. *See Nowakowski v. New York*, 835 F.3d 210, 216 (2d Cir. 2016) (citing *United States ex rel. B. v. Shelly*, 430 F.2d 215, 217 n.3 (2d Cir. 1970) for the proposition that probation is among the "variety of nonconfinement restraints on liberty [that] satisfy the custodial requirement" of § 2254). Moreover, to satisfy itself that Hammond's petition presents a live case or controversy sufficient to sustain federal jurisdiction, the Court takes judicial notice of the progressive penalties that New York Vehicle and Traffic Laws § 1193 imposes on repeat offenders of the laws against driving while intoxicated as a sufficient collateral consequence flowing from Hammond's

conviction. *See, e.g, Nowakowski*, 835 F.3d at 227–28.

B. The parties' arguments

At the outset, the Court observes that with respect to Respondent's argument regarding Hammond's failure to exhaust, federal courts may deny a habeas application on the merits, notwithstanding a petitioner's failure to exhaust state court remedies. *See, e.g., Hammock v. Walker*, 224 F. Supp.2d 544, 549 (W.D.N.Y. 2002) (citing 28 U.S.C. § 2254(b)(2)). The Court elects to do so here.

Thus, the central issue to the disposition of the instant petition is whether or not the county court's denial of Hammond's motion for an extension of time to file an affidavit of errors under NYCPL § 460.30 was contrary to, or an unreasonable application of, clearly established federal law. The Court concludes that it was not.

*Legal Principles*

A principle is "clearly established federal law" for § 2254 purposes when it is embodied in a Supreme Court holding framed at the appropriate level of generality. *Washington v. Griffin*, 876 F.3d 395, 403 (2d Cir. 2017) (quoting, *inter alia*, *Thaler v. Haynes*, 559 U.S. 43, 47 (2010)). A state court decision is "contrary to" such clearly established law when the state court either has arrived at a conclusion that is the opposite of the conclusion reached by the Supreme Court on a question of law, or has "decided a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Washington*, 876 F.3d at 403 (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). An "unreasonable application" of such clearly established law occurs when the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case such that "the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Washington*, 876 F.3d at 403 (citation

6

omitted).

*Application*

Here, the county court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. As indicated above, the ground upon which Hammond sought an extension was the "improper conduct" of his trial counsel in failing to file an affidavit of errors to take his appeal. Presumably, though he does not make this explicit in his petition, Hammond equates "improper conduct" with the ineffective assistance of counsel.

In that regard, the United States Supreme Court has explained:

> In *Strickland v. Washington*, 466 U.S. 668 (1984), we held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance . . . and announced a now-familiar test: A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," . . . and (2) that counsel's deficient performance prejudiced the defendant . . . .
>
> * * *
>
> As we have previously noted, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel." . . . . Rather, courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," . . . and "[j]udicial scrutiny of counsel's performance must be highly deferential" . . . .

*Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (internal citations omitted).

Further, as it relates to a defendant's right to appeal, the Supreme Court has long held that when, as in New York, "a state grants a defendant the absolute statutory right to appeal a criminal conviction, the Fourteenth Amendment mandates that to provide a meaningful first-tier appeal, the defendant must be afforded the right to counsel." *People v. Grimes*, 115 N.E.3d 587, 595 (N.Y. 2018) (citing *Douglas v. California*, 372 U.S. 353, 356–357 (1963)). However, the Supreme Court has rejected any "*per se* rule" regarding trial counsel's duty to assist the defendant in pursuing an appeal as inconsistent with *Strickland*'s requirement that the reviewing

court engage in a "circumstance-specific reasonableness inquiry." *Flores-Ortega*, 528 U.S. at 478.

In the present case, the county court reasonably concluded that Hammond's trial counsel's conduct was not deficient. As the court pointed out, Hammond did not allege any facts that would establish that his trial counsel failed to comply with 22 NYCRR § 1015.7, which expressly extends the duties of trial counsel only to serving the necessary notice of appeal, and moving for permission to proceed as a poor person and assignment of counsel on appeal when appropriate. Trial counsel did properly serve a notice of appeal in the county court and, given Hammond's retention of counsel for both trial and appeal, there is no indication that a motion for leave to proceed *in forma pauperis* or for the appointment of counsel would have been appropriate. Without more, there was no basis for the county court to find improper conduct.

Moreover, whereas the Supreme Court has characterized filing a notice of appeal as "a purely ministerial task," an affidavit of errors both requires significant substantive review of the case, and involves strategic decisions regarding the issues to raise on appeal. *See* NYCPL § 460.10(3)(a) (stating that the affidavit of errors must "set[ ] forth alleged errors or defects in the proceedings which are the subjects of the appeal."). There is no clear holding in state or federal caselaw that would indicate trial counsel has the duty to assume such considerable responsibility in pursuit of the defendant's appeal. *See, e.g., Flores-Ortega*, 528 U.S. at 477; *People v. Arjune*, 89 N.E.3d 1207, 1210–11 (N.Y. 2017) (rejecting the position that rules such as 22 NYCRR § 1015.7 implicitly require counsel to take additional steps – not expressly required by the rules – to ensure that an appeal is not "unwittingly forfeited"). Under the totality of the circumstances, it was reasonable for the county court to conclude that trial counsel's conduct was not deficient or improper.

CONCLUSION

Based on the foregoing, it is hereby ORDERED that Petitioner Jason Hammond's counseled application for habeas relief [ECF No. 1] is denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Hammond has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is hereby ordered to close this case.

SO ORDERED.

Dated:   July 10, 2023

Rochester, New York

ENTER:

_____
CHARLES J. SIRAGUSA
United States District Judge